# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | Civil No. 13-108 (JRT/LIB) |
| Petitioner, | |
| v. | |
| LUCINDA JESSON, JOAN FABIAN, CAL LUDEMAN, RALPH SCHMIDT, JEFFREY L. PETERSON, DEBORAH J. SCHEDAGG, CHRISTOPHER BORELAND, MARK MEHL, DEBORAH KONIESKA, ERIC MELBY, MICHELLE HOOVER, JAMIE JUNGERS, DIANNA MAGAARD, BETH VIRDEN, EYVETTE ANDERSON, ROB ROSE, KEVIN CARLSON, ALLISON COLLINS, DONA OSBOURNE, KENT JOHANSEN, O.D. GULLICKSON, NATALIE STEINERT, and DEB JAMES, | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Respondents. | |

Joseph Anthony Favors, #100988, Minnesota Security Hospital – Moose Lake, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondents.

On January 10, 2013, Joseph Anthony Favors filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking release from state civil commitment. (Pet., Jan. 10, 2013, Docket No. 1; *see also* Am. Pet., Feb. 21, 2013, Docket No. 6.) In a

Report and Recommendation ("R&R") dated April 3, 2013, United States Magistrate Judge Leo I. Brisbois recommended that the Court dismiss Favors' petition without prejudice because Favors had failed to exhaust his state court remedies before commencing this action in federal court. (R&R, Apr. 3, 2013, Docket No. 12.) Presently before the Court are Favors' objections to the R&R. (Objections, Apr. 11, 2013, Docket No. 13.) Because Favors has not exhausted his state court remedies, the Court will overrule Favors' objections and adopt the R&R.

## BACKGROUND[1]

In 2008, Dakota County filed a petition for the civil commitment of Favors while he was serving a sentence with the Minnesota Department of Corrections ("DOC") in Stillwater, Minnesota, for a criminal sexual conduct conviction. *In re Civil Commitment of Favors*, No. A09-2306, 2010 WL 2486349, at *2 (Minn. Ct. App. June 22, 2010). The state district court determined that Favors was a sexually dangerous person and a sexual psychopathic personality. *Id*. at *3. The district court subsequently committed Favors to the Minnesota Sex Offender Program (MSOP) for an indeterminate term. *Id.*[2]

In November 2008, the DOC granted Favors conditional supervised release from the DOC in Stillwater subject to various conditions. *Favors v. Jungers*, Nos. A11-2055

---

[1] The Court recites background facts only to the extent necessary to rule on Favors' objections. The R&R provides a more comprehensive description of the facts relevant to Favors' state case and instant habeas petitions. (R&R at 1-9.)

[2] In the present case, Favors is not challenging his criminal sexual conduct conviction or the state district court's determinations and order of indeterminate commitment. Instead, Favors is challenging his present confinement at MSOP in Moose Lake on the basis of circumstances arising sometime after his initial commitment.

and A11-2104, 2012 WL 2079848, at *1 (Minn. Ct. App. June 11, 2012). Pursuant to the indeterminate commitment order, the DOC immediately transferred Favors to the MSOP in Moose Lake, Minnesota. *Id*. In July 2010, MSOP officials gave Favors notice that he had violated the terms of his supervised release while at MSOP by allegedly stalking and harassing an MSOP employee that he believed was having an inappropriate relationship with another detainee. *Id*. After a hearing, Favors' supervised release was revoked and he was returned to the DOC to serve the remainder of his prison sentence. *Id*. Following the expiration of his prison sentence, Favors was transferred back to the MSOP in Moose Lake, where he is currently detained.

On February 7, 2011, four days before his release from the DOC in Stillwater, Favors filed a petition for a writ of habeas corpus in Washington County District Court. *Id*. at *2. Favors sought relief for his confinement at the DOC in Stillwater and discharge from his civil commitment at the MSOP in Moose Lake. *Id*. Although Favors filed his petition in Washington County, Respondents inadvertently and erroneously filed a response in Carlton County on July 21, 2011. *Id*. Further complicating matters, the Carlton County District Court then issued an order (the "Carlton County order") on September 14, 2011, apparently based solely upon Respondents' erroneously filed response. *Id.* The Carlton County order dismissed Favors' petition for "lack of subject-matter jurisdiction" and dismissed Favors' constitutional challenge to his commitment as "without merit." *Id*. On September 19, 2011, the Washington County District Court also issued an order on Favors' pending habeas petition. (Am. Pet., Ex. 9 ("Washington County order").) The Washington County order dismissed Favors' challenge of his past

confinement at the DOC in Stillwater, since Favors was no longer "in custody" of the DOC, and transferred Favors' remaining claims concerning his commitment to Carlton County, where the MSOP is located. (*Id.*, Ex. 9 at 6-7.)

Favors appealed both the Carlton County order and the Washington County order to the Minnesota Court of Appeals. *Favors v. Jungers*, 2012 WL 2079848, at *2. The Minnesota Court of Appeals (1) vacated the Carlton County order because Favors' case was not venued in Carlton County when the court issued its order; (2) affirmed the Washington County District Court's decision to dismiss Favors' claims against the DOC in Stillwater because Favors was no longer confined there; and (3) affirmed the Washington County District Court's decision to transfer Favors' remaining claims against the MSOP in Moose Lake to the Carlton County District Court. *Id.* at *3-4. The Minnesota Supreme Court denied Favors' petition for further review.

On January 10, 2013, Favors filed a petition seeking federal habeas relief under 28 U.S.C. § 2254. Due to flaws in Favors' original petition, the Magistrate Judge ordered Favors to file an amended petition if Favors intended to pursue this matter further, (Order, Jan. 23, 2013, Docket No. 3), which Favors did on February 21, 2013. In his amended petition, Favors seeks release from his ongoing state civil commitment at the MSOP in Moose Lake. (Am. Pet. at 1.) Favors' claims appear to invoke the Eighth Amendment and repeatedly refer to "retaliation" and "cruel or unusual abuse." (*Id.* at 5, 7, 8, 10.) While the presentation of the claims is not entirely clear, it seems that Favors believes the alleged retaliation and Eighth Amendment violations occurred in response to his reporting that an MSOP employee was engaged in an inappropriate relationship with

another detainee. The Magistrate Judge concluded that Favors had not yet exhausted his state court remedies and recommended that this action be dismissed without prejudice. (R&R at 1, 13-14.) Favors filed timely objections to the R&R.

## ANALYSIS

### I. STANDARD OF REVIEW

The Court reviews *de novo* those portions of the R&R to which Favors objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).

### II. EXHAUSTION OF STATE REMEDIES

The Magistrate Judge recommended dismissing Favors' petition because Favors failed to exhaust his state court remedies. Before seeking federal habeas relief under § 2254, a petitioner must first exhaust all state court remedies. 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). The exhaustion requirement is based on principles of comity – its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. *See O'Sullivan*, 526 U.S. at 844-45. To satisfy the exhaustion requirement, the petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

Here, although Favors attempted to present his claims to the Washington County District Court, the claims were transferred to the Carlton County District Court and have

not yet been decided on the merits.[3] Therefore, the Court concludes, as the R&R recommended, that Favors has not satisfied the exhaustion requirement and dismissal is appropriate.

### III. FAVORS' OBJECTIONS

Favors objects to the R&R on three grounds, which the Court will address in turn.

#### A. Judicial Prejudice

Favors' first objection involves the Carlton County order that was later vacated by the Minnesota Court of Appeals. Favors contends that the fact that the Carlton County District Court dismissed his state habeas petition before the petition was properly before that court "proves [Favors'] allegations that Judge Wolf of Carlton County was extremely prejudiced against Petitioner" and constitutes "evidence of illegal conduct against Petitioner." (Objections at 1-2.)

Favors' first objection fails for multiple reasons. First, Favors did not present this argument to the Magistrate Judge, nor did he include it as a ground for relief in his federal habeas petition, and it is therefore waived. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("[Plaintiff] was required to present all

---

[3] The earlier, now-vacated order of the Carlton County District Court apparently addressed Favors' constitutional claims. *See Favors v. Jungers*, 2012 WL 2079848, at *2 (noting that the Carlton County order "dismiss[ed] [Favors'] constitutional challenges to the commitment as without merit"). Because the Court of Appeals vacated that order and affirmed the Washington County order that transferred Favors' constitutional claims to Carlton County without ruling on them, neither the Court of Appeals nor the Minnesota Supreme Court have had occasion to review the merits of Favors' constitutional claims.

of his arguments to the magistrate judge, lest they be waived."). Second, even if Favors had raised the argument, the Court could not grant relief on the basis of Favors' highly speculative attack on the Carlton County District Court's impartiality. While it is possible for judicial bias or a risk thereof to amount to a due process violation, *see Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009), the mere fact that the Carlton County District Court issued an order before the case was appropriately venued is far from sufficient to create constitutional concerns. Thus, even if Favors had properly raised this ground for relief in these proceedings and exhausted his state remedies, Favors' concern with the Carlton County District Court's impartiality would not warrant an outcome other than dismissal of his federal habeas petition without prejudice.

B. **Carlton County Court's Failure to Issue a Second Order**

Favors' second objection is that he is entitled to an evidentiary hearing or other relief in these federal proceedings because the Carlton County District Court has not issued a second order on the merits of his state habeas petition since the petition was transferred to Carlton County from Washington County. (Objections at 2.)[4] In support of his objection, Favors cites *Townsend v. Sain*, which set forth certain circumstances in which "a federal court must grant an evidentiary hearing to a habeas applicant," including:

> (1) [T]he merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the

---

[4] Favors' second objection also argues that the R&R mischaracterizes the Minnesota Court of Appeals' opinion, which is the same as Favors' third objection. The Court will address the argument below.

> record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; . . . or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. 293, 313 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992).

Favors contends that he is entitled to an evidentiary hearing under *Townsend* because the merits of his dispute have not been resolved by the state courts. (Objections at 2.) Nothing in *Townsend*, however, relieves a petitioner from the exhaustion requirement. While the status of Favors' state habeas petition in Carlton County is not clear, Favors' state remedies will not be exhausted until the Carlton County District Court rules on his claims and Favors appeals the ruling, if it is adverse to him, to the Minnesota Court of Appeals and Minnesota Supreme Court. *See Baldwin*, 541 U.S. at 29.

Favors' appeal of the Washington County and Carlton County orders concluded on August 21, 2012 when the Minnesota Supreme Court denied review. *See Favors v. Jungers*, 2012 WL 2079848 at *1. The fact that a second order has not yet issued does not establish that the Carlton County District Court will not afford Favors a full and fair hearing. Favors has not established that any further attempt to exhaust his state remedies would be futile. *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993). Although Favors commenced his state habeas proceedings over two years ago, due to the unique posture of the proceedings he has still not exhausted his state remedies. If Favors still hopes to eventually obtain federal habeas relief, the Court suggests that he attempt to determine the status of his state habeas action in Carlton County.

## C. Mischaracterization of the Minnesota Court of Appeals' Decision

Favors' third objection is that the R&R mischaracterizes the Minnesota Court of Appeals' decision. Favors correctly notes that the Minnesota Court of Appeals vacated the Carlton County order "because the petition was not filed in, and therefore not venued in, Carlton County." *Favor v. Jungers*, 2012 WL 2079848 at *3. The R&R described the Court of Appeals' decision as follows:

> The Minnesota Court of Appeals first vacated the Carlton County dismissal order because [Favors'] state habeas corpus case was not pending in Carlton County when that order purportedly was entered. [Favors'] state habeas corpus case, (to the extent that it was not dismissed by [the Washington County District Court]), was not transferred to Carlton County until **after** the anomalous dismissal order was entered. Therefore, the Carlton County dismissal order was declared to be wholly ineffective and void.

(R&R at 7 (emphasis in original) (internal quotation marks omitted).)

Apparently in response to this summary in the R&R, Favors states that "[t]he Minnesota Court of Appeals dismissed the Carlton County District Court order, because the habeas corpus was not filed in Carlton County, and not because Carlton County issued the order dismissing the habeas corpus before change of venue was issued." (Objections at 3.) Favors appears to believe that the Magistrate Judge misrepresents the Court of Appeals' decision and that this perceived misrepresentation renders the R&R's overall conclusion erroneous.

Favors' objection has no merit. Favors has not established that the R&R's description of the Minnesota Court of Appeals decision is inaccurate in any meaningful way. The Minnesota Court of Appeals vacated the Carlton County order because Favors'

case was not venued in Carlton County when it issued its order. *Favors v. Jungers*, 2012 WL 2079848 at \*3. The Court of Appeals explained that the case was not venued in Carlton County because it had not been filed there. *Id.* However, another way that the action could have been venued in Carlton County at the time of the Carlton County order is if that order had issued **after** the Washington County District Court transferred the action to Carlton County. The Carlton County order was improper because the action had not been filed in Carlton County **and** because it issued before the action was transferred to Carlton County. The fact that the Minnesota Court of Appeals explicitly recognized the former while the R&R referred to the latter is of no consequence.

Having reviewed *de novo* the portions of the R&R to which Favors objects, the Court will overrule Favors' objections and adopt the R&R. Dismissal is warranted because Favors has not exhausted his state remedies.[5]

## IV. *IN FORMA PAUPERIS* APPLICATION; APPOINTMENT OF COUNSEL

Because the Court concludes that this matter should be dismissed without prejudice, the Court also adopts the R&R's recommendation that Favors' application to proceed *in forma pauperis* ("IFP") and motion for appointment of counsel be denied. *Cf. Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (noting that IFP applications should be denied where habeas petition is frivolous); *Abdullah v. Norris*, 18 F.3d 571,

---

[5] The Court will dismiss the petition without prejudice so that Favors can attempt to pursue his currently unexhausted claims in the Minnesota state courts. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

573 (8th Cir. 1994) (noting that district courts should not appoint counsel where petitioner has not presented claims upon which relief may be granted).

## V. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court concludes that it is unlikely that reasonable jurists would find the issues raised in Favors' § 2254 petition debatable or that some other court would decide this petition differently. The Court therefore declines to grant a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Favors' objections [Docket No. 13] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated April 3, 2013 [Docket No. 12]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Favors' amended petition for writ of habeas corpus [Docket No. 6] is **DENIED** and the action is **DISMISSED without prejudice**.

2. Favors' applications for leave to proceed *in forma pauperis* [Docket No. 2] and [Docket No. 7] are **DENIED**.

3. Favors' motion for appointment of counsel [Docket No. 8] is **DENIED**.

4. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Favors' petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 9, 2013　　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge